# Nelson, Adm'r *v.* Mitchell.

### *Motion to dismiss Appeal.*

*Appeal ; what not such final decree as will support.*—An order by the probate judge, requiring an administrator, upon application of a surety to be released, to give a new bond, and in default thereof that he be removed, is not such a final order or decree as will support an appeal.

APPEAL from Probate Court of Dallas.

Appellee, who was surety on the bond of appellant as general administrator of Dallas county, filed his petition asking to be relieved as such surety, and that the appellant be required to give a new bond, &c.

On the hearing of the petition, the probate judge ordered the appellant to give a new bond in the sum of twenty thousand dollars, within sixteen days, and on failure to do so, that he be removed. From this order appellant sued out this appeal, and motion is now made to dismiss it, because no final decree has been rendered to support it.

ROBERT H. STERRITT, for the motion.

JOHNSTON & NELSON, *contra.*

BRICKELL, C. J.—The statutes enumerate many orders or decrees the court of probate has jurisdiction to render, and authorize an appeal from them. In addition, an appeal is given from a final judgment, order, or decree of the judge of probate, in any suit or proceeding before the court of probate.—R. C. part 2, title 4, ch. 11, § 3485. The order from which this appeal is taken is not one of the orders specially enumerated, nor is it a final order or decree, from which an appeal is authorized. The final order or decree, which would have disposed of the proceeding, was the order to be made, (if the appellant failed to execute an additional bond,) removing him from the general administration. That order is one of those specially enumerated in the statutes, from which an appeal may be taken.—R. C. § 2244. Until its rendition, the proceeding was *in fieri*, under the control of the court of probate. It may never have been rendered, the court retracing its steps and revoking the order of which

complaint is made, or the appellant, by a compliance with the order, may have avoided its rendition. If he has complied with it, such compliance may be a waiver of the error, if any, which has intervened. If it is not, and a judgment of reversal should be pronounced, would it destroy the force and obligation of the additional bond? The order is in its nature interlocutory—a mere step in the progress of the cause to a final decree. In the rendition of such orders, errors prejudicial to parties may occur. The remedy for correction is not an appeal, nor is it now within our province to inquire and determine what is the appropriate remedy.

The motion to dismiss the appeal must be sustained.